IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41249
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SELVIN ANTONIO GUTIERREZ-OLIVA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-577-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Selvin Antonio Gutierrez-Oliva appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation.  Gutierrez-Oliva preserves for further review his contention that his sentence is unreasonable because this court's post-Booker[**] rulings have effectively reinstated the mandatory Sentencing Guideline regime condemned in Booker.  Gutierrez-Oliva concedes that his argument is foreclosed by United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] United States v. Booker, 543 U.S. 220 (2005).

<u>Mares</u>, 402 F.3d 511 (5th Cir. 2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness.

Gutierrez-Oliva further argues, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that the 41-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Gutierrez-Oliva's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005). Gutierrez-Oliva properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. The judgment of the district court is AFFIRMED.